IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA WILLIAMS, SHERYL FRITZ AND JAMIE TERRY, Individually and on behalf of all other similarly situated Corizon Correctional Nurses, | Cause No.: |
| Plaintiffs, | |
| v. | |
| CORIZON HEALTH, INC., | |
| Serve: CT Corporation System 120 South Central Ave. Clayton, Missouri, 63105 | JURY TRIAL DEMANDED |
| AND | |
| CORIZON, LLC | |
| Serve: CT Corporation System 120 South Central Ave. Clayton, Missouri 63105 | |
| DEFENDANTS. | |

## PLAINTIFFS' COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

COME NOW Plaintiffs, Jessica Williams, Sheryl Fritz, and Jamie Terry, ("Plaintiffs") individually and on behalf of all others similarly situated, by and through their attorneys, and for their Collective Action and Class Action Complaint against Defendant Corizon Health, Inc. and Corizon, LLC, state and allege as follows:

1. Plaintiffs, who are Correctional Nurses, bring this collective action and class action on behalf of themselves and other similarly situated Correctional Nurses against Defendant Corizon Health, Inc. ("Corizon Health") and Corizon, LLC, (referred herein collectively as "Corizon") to recover compensation for pre and post shift activity which Corizon

1

requires but does not compensate them for. This claim is for unpaid wages, overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the Fair Labor Standards Act of 1938 (as amended) ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Portal to Portal Act, ("PPA") 29 U.S.C. § 251 *et seq.* as amended, and for unjust enrichment pursuant to Missouri common law.

2. Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while their Missouri state-law claims are asserted as a class action under Rule 23 of the Federal Rules of Civil Procedure.

3. The classes of similarly situated persons represented by Plaintiffs are comprised of all current and former Correctional Nurses who have worked for Corizon in public or private correctional institutions throughout the United States at any time during the relevant statute of limitations period through the final disposition of this matter, and have performed pre- and post shift activity for which they were not paid. ("Affected Correctional Nurses").

4. The Affected Correctional Nurses who have pay periods in which they worked more than forty (40) hours in a seven-day period are the plaintiffs for whom collective action certification is sought under the FLSA in Count I.

5. Some Affected Correctional Nurses were not employed full-time for the whole class period and/or have pay periods where they did not work more than forty (40) hours in a seven day period. Those Affected Correctional Nurses, who worked in the state of Missouri, are the plaintiffs for whom class certification is sought under Missouri law in Count II.

6. Upon information and belief, some Affected Correctional Nurses will fall into both classes.

7. Plaintiff Jessica Williams resides at 19682 Emerald Trail, Summersville, Missouri. Plaintiff Williams is a RN currently employed by Corizon as a non-exempt Corrections Nurse at South Central Correctional Center, located at 255 MO-32, Licking, Texas County, State of Missouri, which is owned and operated by the Missouri Department of Corrections. Plaintiff Williams has been employed by Corizon for more than twelve years (12), from 2007 to the present, and was employed by Corizon during the relevant time period. Plaintiff Williams performed her job duties and has worked hours in excess of forty (40) hours per workweek without receiving regular and overtime compensation as required by federal and Missouri laws. She worked full-time for a decade for Defendant. The written consent of Jessica Williams is attached as Exhibit 1.

8. Plaintiff Sheryl Fritz resides at 31948 County Road 6250 in Edgar Spring Missouri. Plaintiff Fritz is a LPN currently employed by Corizon as a non-exempt Corrections Nurse at South Central Correctional Center, located at 255 MO-32, Licking, Texas County, State of Missouri, which is owned and operated by the Missouri Department of Corrections. Plaintiff Fritz has been employed by Corizon for about ten (10) years, and was employed by Corizon during the relevant time period. Plaintiff Fritz performed her job duties and has worked hours in excess of forty (40) hours per workweek, without receiving regular and overtime compensation as required by federal and Missouri laws. The written consent of Sheryl Fritz is attached as Exhibit 2.

9. Plaintiff Jamie Terry resides at 223 Cherry Street in Houston, Missouri, is an RN and was also employed as a non-exempt Corrections Nurse at South Central Correctional Center. Plaintiff Terry has been employed by Corizon for more than three years, from 2015 to 2018, and was employed by Corizon during the relevant time period. Plaintiff Terry performed her job

duties and was not compensated for pre- and post- shift work as required by Missouri law.The written consent of Jamie Terry is attached as Exhibit 3.

10. Defendant Corizon Health is a corporation formed in Delaware, headquartered in Brentwood, Tennessee, licensed to and doing business in Missouri, and can be served with process through its registered agent: CT Corporation System, 120 South Central Avenue, Clayton, Missouri, 63105.

11. Defendant Corizon, LLC is a Missouri limited liability company licensed to and doing business in Missouri and can be served with process through its registered agent: CT Corporation System, 120 South Central Avenue, Clayton, Missouri, 63105.

12. Corizon has maintained a working presence throughout the State of Missouri (and the United States).

13. Upon information and belief Corizon Health manages Corizon, LLC and owns twenty percent of Corizon, LLC's capital. Corizon's employee handbook or "Employee Success Guide" lists Corizon, LLC in Missouri as its operations headquarters.

14. Corizon is a privately held prison healthcare contractor that provides correctional healthcare and pharmacy services to approximately ninety-eight (98) clients in twenty-six (26) U.S. states, at over five hundred eighteen (518) correctional facilities.

15. Plaintiffs and Affected Correctional Nurses were (and are) non-exempt employees who provide correctional healthcare services to inmates and are paid hourly.

16. Pursuant to 28 U.S.C. § 1331, this Court has original federal question jurisdiction over Plaintiffs' claims arising under the FLSA, 29 U.S.C. § 201 *et seq.*

17. This Court has supplemental jurisdiction over the additional Missouri state-law claims pursuant to 28 U.S.C. § 1367(a).

18. This Court has personal jurisdiction over Corizon due to Corizon's numerous violations of the FLSA and Missouri laws within this District and Division. Additionally, Corizon has employed many Affected Correctional Nurses in this District, including Plaintiffs Jessica Williams, Sheryl Fritz, and Jamie Terry. Further, Corizon LLC is a Missouri Limited Liability Company with its principal place of business located in Missouri.

19. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. § 1391(b) because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

20. Affected Correctional Nurses working in the correctional setting face challenges unique to the correctional environment. Managing difficult patients, working within strict security regulations, dealing with overcrowded facilities, and understanding the complex legal and public health considerations of providing healthcare to incarcerated populations are just some of the challenges that distinguish correctional healthcare from health services in other settings.

21. Working closely with security personnel and inmates within the security requirements of the facilities are essential functions of Affected Correctional Nurses' jobs.

22. All Affected Correctional Nurses work within the security envelope of the correctional institution they service to treat the incarcerated prisoners kept there.

23. Corizon asserts on its website: "We don't just practice healthcare in a correctional setting. We practice the specialty of correctional healthcare."

24. In addition to the hours worked during their scheduled shifts, Plaintiffs and the Affected Correctional Nurses worked approximately 2.5 hours to 4 hours and 10 minutes "off-the-clock" per week and have not been compensated for that time.

25. Corizon enforces uniform, company-wide policies and practices that require Plaintiffs and all other Affected Correctional Nurses to work in excess of their scheduled shifts in order to meet the specialized needs of the incarcerated patients in correctional facilities whom they serve throughout the United States.

26. Through practice and its Time and Attendance Policy and Procedure, Corizon requires "all" Affected Correctional Nurses "to work as scheduled and on time and must remain on duty until relieved by the on-coming shift and all medication and/or instrument counts have been cleared and all other shift duties as assigned."

27. Affected Correctional Nurses are expected to be on duty from when they enter the facility to when they clock in and from when they clock out until they depart. Affected Correctional Nurses have provided medical care during pre and post shift activity and have not been paid for it.

28. Corizon enforces uniform, company-wide policies and practices requiring Plaintiffs and Affected Correctional Nurses to be at their precise work assignment posts within the medical building at the start of their shifts. Corizon may impose disciplinary or other adverse employment action upon Plaintiffs and Affected Correctional Nurses if they fail to comply with this employer-imposed condition despite the fact that they are not compensated for the pre- and post-shift work-related duties alleged below.

29. Upon entering the facilities where they work, and prior to proceeding to their precise work assignment posts, Plaintiffs and Affected Correctional Nurses must complete the following pre-shift activities before they begin their shift:

6

a. Pass through metal detectors, get additional searches and wait for others to be searched, and have their bags searched to ensure that weapons or contraband are not entering the facility;

b. Proceed to an equipment area where they must line up, sign in, and identify themselves to ensure safety in the correctional environment;

c. Obtain any necessary keys and communication equipment so they can have access to restricted areas and respond to radio alerts as needed throughout the course of providing healthcare services;

d. Pass through an air lock (or air locks) to ensure the Affected Correctional Nurses can work safely in the correctional environment;

e. Some locations require identification in the airlock or other places and some correctional institutions require other security procedures such as finger scanning, optical scanning or handwritten sign in logs;

f. Walk to their precise work assignment posts in the medical building, which is separate from the main building due to the correctional environment;

g. Wait for insulin needles and other syringes to be secured before entering;

h. Get instructions from supervisors; and

i. Then clock-in and/or start their shift.

30. Additionally, upon leaving their work assignment posts, Plaintiffs and all other Affected Correctional Nurses must complete the following post-shift activities (largely the same as the pre-shift but in reverse order, which are required job tasks prior to leaving the facility grounds):

a. Secure insulin needles and other syringes;

7

b. Walk from their assigned work post in the medical building to the main facility;

c. Pass through the air lock;

d. Proceed to an equipment area where they must line-up, return their keys and communication equipment;

e. Retrieve their I.D.s, and sign-out;

f. Some locations require identification in the airlock or other places and some correctional institutions require other security procedures such as finger scanning, optical scanning or handwritten sign out logs;

g. Retrieve their bags; and

h. Get patted down or wait in line while others are patted down, and pass through the metal detectors.

31. Plaintiffs and all other Affected Correctional Nurses are off-the-clock and uncompensated for the time that they spend completing steps a) through i) in Paragraph 29 and 30 above, which can take each nurse between 15 and 25 minutes, or more, daily at the beginning of their shifts, and are also uncompensated for an additional 15 to 25 minutes, or more, daily at the end of their shifts for the time spent completing steps a) through h) above in Paragraph 29 and 30. They are not compensated at the straight time rate for this time nor are they paid overtime compensation for this time when they have worked more than 40 hours in a workweek.

32. The pre- and post- shift activities described in the above paragraphs are integral and indispensable to the principal work activities of Plaintiffs and all other Affected Correctional Nurses, as these pre- and post- shift tasks are essential to their job functions as Correctional Nurses providing healthcare services in the correctional environment.

8

33. The Affected Correctional Nurses have the unique responsibility of providing care to inmates while dealing with the reality of working in a prison, including maintaining the safety and security of inmates, other employees, visitors, and prison personnel at all times. Corizon Asserts: "We put safety first in all that we do."

34. Corizon has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

35. Although there may be some variation in the order and duration of the pre- and post- shift activities amongst different facilities, the variations would go to damages and not collective action and/or class action certification.

36. Corizon has not and will not pay Plaintiffs and all other Affected Correctional Nurses for their work until they are present at their precise work assignment posts (and sometimes clock in), although they must be present at the correctional facility where they are employed both before and after their shifts to complete tasks necessary, integral, and indispensable to their employment and their employer as described and specified above.

37. As a result of Corizon's company-wide policies and practices requiring Plaintiffs and the Affected Correctional Nurses to perform these pre-shift and post-shift tasks while off-the-clock (and without pay), Plaintiffs and the Affected Correctional Nurses were not compensated for all hours worked, including, but not limited to, all hours worked in excess of forty (40) hours in a workweek.

38. The time spent on the listed tasks both before the shifts begin and after the shifts end is not *de minimis* and is compensable as either straight time under Missouri law where an individual has worked fewer than 40 hours in a workweek or as overtime under federal law where an individual has worked more than 40 hours in a workweek, and this time should be

9

included in any calculation of the time worked during a work period to determine whether compensation for straight time is owed and to determine whether an employee is entitled to overtime compensation.

39. Corizon is aware of its obligation to pay Affected Correctional Nurses for all hours worked, including pre- and post- shift activity, but has failed to do so.

40. Because Corizon did not pay Plaintiffs and the Affected Correctional Nurses for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Corizon's pay policies and practices violate the FLSA and Missouri law.

## COUNT I

### (Collective Action Alleging FLSA Violations)

41. Plaintiffs restate and incorporate by reference the allegations all of the allegations in this Complaint as if fully set forth herein.

42. Plaintiffs bring this cause of action for violations of the FLSA as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly situated.

43. The FLSA Collective Action Members whom Plaintiffs seek to represent are defined as:

**All current and former hourly Correctional Nurses who have worked forty (40) or more hours in a seven day period for Corizon in correctional prisons throughout the United States at any time during the relevant statute of limitations through the final disposition of this matter, and have performed pre- and post- shift activity for which they were not paid. ("FLSA Collective Members").**

44. Plaintiffs' and the FLSA Collective Members' employment with Corizon, at all times, was governed by the FLSA.

45. At all relevant times, Corizon has been an employer within the meaning of Section (d) of the FLSA, 29 U.S.C. § 203(d) engaging in interstate commerce.

46. Plaintiffs and the FLSA Collective Members are non-exempt hourly employees of Corizon who work specifically as Affected Correctional Nurses providing nursing services to the inmates of Corizon's clients throughout the United States.

47. During the respective periods of Plaintiffs' and the FLSA Collective Members' employment by Corizon, these individuals have provided services for Corizon that involved interstate commerce for purposes of the FLSA.

48. Plaintiffs and the FLSA Collective Members are similarly situated in that they were/are non-exempt, hourly, Correctional Nurses subject to Corizon's common practice, policy, or plan of willfully and unlawfully failing to compensate them for off-the-clock pre- and post-shift job duties under the FLSA.

49. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs or to the other FLSA Collective Members.

50. Plaintiffs are informed and believe that the FLSA Collective Members comprised of Affected Correctional Nurses potentially consists of tens of thousands of individuals across the United States.

51. The precise size and identity of the FLSA Collective Members should be ascertainable from the business records, tax records, and/or employee and personnel records of Corizon.

**A.  Failure to Pay Wages and Overtime under the Fair Labor Standards Act**

52. Corizon has violated provisions of Sections 6, 7, and 15 of the FLSA, 29 U.S.C. §§ 206-07, and 215(a)(2) by failing to pay Plaintiffs and FLSA Collective Members for all hours worked and overtime that they have earned for the pre and post shift activity described above which they are entitled to receive as wages and damages.

53. Corizon knew or should have known its pay practices were in violation of the FLSA.

54. Corizon knowingly, willfully, and with reckless disregard carried out its unlawful pattern of failing to pay Plaintiffs and FLSA Collective Members for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week for the pre and post shift activity described herein.

55. The decision and practice by Corizon to not pay for all hours worked and the proper amount of overtime for all hours worked over forty (40) each week for the pre and post shift activity described above was neither reasonable nor in good faith.

56. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and FLSA Collective Members for the pre and post shift activity described above. Accordingly, Corizon is liable under 29 U.S.C § 216(b), together with an additional amount as liquidated damages.

57. Plaintiffs and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours per workweek for the pre and post shift activity described above pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages attorneys' fees, and costs.

**B.     Collective Action Allegations**

58.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Corizon's Correctional Nurse employees who have been similarly-situated to Plaintiffs by working in excess of forty hours in a work week by having to do pre and post shift work and not be paid for it.

59.     Corizon's patterns, practices, and policies complained of herein have affected Plaintiffs and all of the FLSA Collective Members, which are willful violations of the FLSA.

60.     The proposed class of similarly situated employees, i.e. FLSA Collective Members, sought to be certified pursuant to 29 U.S.C. § 216(b) is defined in Paragraph 43, and notice should be promptly sent.

61.     Plaintiffs and the FLSA Collective Members are victims of a uniform compensation policy. Corizon's failure to pay Plaintiffs and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of Corizon, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

62.     All of the FLSA Collective Members – regardless of their specific job titles, precise job requirements, rates of pay, specific pre and post shift work required, policies and procedures specific to a Corizon client, or job locations – are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek. The specific job titles, precise job requirements and pre and post shift work of the various FLSA Collective Members do not prevent collective treatment.

63.     Thus, Plaintiffs' experiences are typical of the experience of the FLSA Collective Members.

64. The damages of the FLSA Collective Members will be not be individual in nature and will be provable in a class wide manner.

65. Absent a collective action, many of the FLSA Collective Members likely will not obtain redress for their wage loss damages and Corizon will retain the proceeds of its violations.

66. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the collective action and provide for judicial consistency.

67. Plaintiffs and the FLSA Collective Members are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint plus periods of equitable tolling, because Defendants acted willfully and knew or should have known their conduct was prohibited by the FLSA and/or showed reckless disregard for whether their conduct was prohibited by the FLSA.

68. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions did not violate the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).

69. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and the FLSA Collective Members for the pre and post shift activity described above. Accordingly, Defendant are liable under 29 U.S.C § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiffs, on behalf of themselves and all other similarly situated, respectfully pray for judgment against Corizon as follows:

a. For an Order certifying the FLSA Collective Action as defined in Paragraph 43 and requiring Corizon to provide the names, addresses, email addresses (company and personal), telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of an email notice to be sent to all putative collective action members advising them of the pendency of this litigation, their rights with respect thereto, and continued communication with the putative class members regarding their opportunity to opt into the class;

c. For an Order designating Plaintiffs Jessica Williams and Sheryl Fritz as representatives for the FLSA claims and Plaintiffs' attorneys as Counsel for the FLSA collective action;

d. Appropriate equitable relief to remedy Corizon's violations of the FLSA, including, but not limited to an order enjoining Corizon from continuing its unlawful practices;

e. For an Order pursuant to Section 16(b) of the FLSA finding Corizon liable for unpaid back wages owed to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the paid compensation found due to Plaintiffs (and those who have joined in the suit);

f. All appropriate federal statutory penalties;

g. An award of liquidated damages pursuant to the FLSA, and according to proof;

h. Such other equitable relief as the Court may deem just and proper;

i. Attorneys' fees, costs and expenses of this action;

j. Pre-judgment interest and post-judgment interest at the highest rates allowed by law; and

k. Any such other and further relief as the Court may deem just and proper.

## COUNT II
## UNJUST ENRICHMENT

**(Missouri State Law Class Under Federal Rule of Civil Procedure 23)**

70. Plaintiffs restate and incorporate by reference all of the paragraphs of this Complaint as though fully set forth herein.

71. Plaintiffs, on behalf of themselves and all other persons similarly situated, bring this cause of action for unjust enrichment as a statewide "opt-out" class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

72. The Missouri Class Action Members whom Plaintiffs seek to represent are defined as:

**All current and former hourly Correctional Nurses who have worked for Corizon in correctional prisons throughout Missouri at any time during the relevant statute of limitations through the final disposition of this matter, who have pay periods where they did not work more than forty hours in a seven day period, and performed pre- and post shift activity for which they were not paid ("Missouri Class Action Members").**

73. Plaintiffs and the Missouri Class Action Members conferred benefits on Corizon by providing the pre and post shift activity described above in furtherance of their job duties in

16

Corizon's facilities and Corizon received such benefits conferred upon them by Plaintiffs and the Missouri Class Action Members.

74. Corizon appreciated the fact of the benefits by retaining the benefits of the labor provided by Plaintiffs and the Missouri Class Action Members while failing to compensate them for that work time and at the proper rate of pay as described herein.

75. Corizon accepted and retained the benefits in circumstances that render such retention inequitable as they failed to pay Plaintiffs and Missouri Class Action Members for hours they have worked and at the appropriate rates of pay.

76. Corizon has thereby been unjustly enriched and/or Plaintiffs and Missouri Class Action Members have been damaged.

77. Plaintiffs and Missouri Class Action Members are entitled to damages equal to all unpaid wages and work time due.

78. This count does not apply to Corizon's failure to properly pay Plaintiffs and those similarly situated at the premium rate for hours worked over forty per week and is limited to claims for unpaid straight-time wages.

79. Plaintiffs and Missouri Class Action Members are entitled to an award of pre-judgment and post judgment interest at the applicable legal rate.

**Class Action Allegations**

80. The proposed class of employees sought to be certified pursuant to the Missouri Act is defined in Paragraph 72.

81. Plaintiffs and the Missouri Class Action Members are victims of a uniform compensation policy applied to all Missouri Class Action Members. Corizon's failure to pay Plaintiffs and the Missouri Class Action Members for all hours worked, including pre- and post-

shift activity, results from generally applicable policies and practices of Corizon, and does not depend on the personal circumstances of Plaintiffs or the Missouri Class Members.

82. All of the Missouri Class Action Members – regardless of their specific job titles, precise job requirements, rates of pay, specific pre and post shift work required, policies and procedures specific to a Corizon client, or job locations – have conferred benefits upon Corizon through their pre- and post shift activity in circumstances that render Corizon's retention of such benefits inequitable, as they failed to pay Plaintiffs and Missouri Class Action Members for all hours worked. The specific job titles, precise job requirements and pre and post shift work of the various Missouri Class Action Members do not prevent class treatment.

83. Upon information and belief, Corizon operates within nineteen (19) correctional facilities in the State of Missouri. Plaintiffs are informed and believe that the Missouri Class Action Members comprised of Affected Correctional Nurses potentially consists of hundreds of individuals across Missouri.

84. The precise size and identity of the Missouri Class Action Members should be ascertainable from the business records, tax records, and/or employee and personnel records of Corizon.

85. Class action treatment of Plaintiffs' unjust enrichment claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure Rule 23's class action requisites are satisfied.

86. The Missouri Class Action Members are so numerous that joinder of all members is impracticable. Although Plaintiffs do not know the exact number of class members as of the date of filing, based upon information and belief there are well in excess of one hundred (100) current and former employees who were subject to the pay practices stated herein.

18

Case 6:19-cv-03365-SRB   Document 1   Filed 10/15/19   Page 18 of 20

87. Common questions of law and fact predominate over any issues unique to individual class members specific to the wage and hour practices of Corizon as stated above.

88. The claims brought by Plaintiffs are typical of the claims of the Missouri Class Action Members because Corizon, was unjustly enriched by failing to pay Plaintiffs and all Missouri Class Action Members for pre- and post- shifty activity pursuant to its common and uniform policies and practices.

89. Plaintiffs Williams, Fritz, and Terry are adequate representatives of the Missouri Class Members and will protect such absent class members' interests in this litigation. Plaintiffs have no interests antagonistic to the other class members, nor do they have any unique claims or defenses that might undermine efficient resolution of the claims of the class. Plaintiffs have retained competent counsel, knowledgeable in class actions, labor and employment law, and complex litigation who will fairly and adequately represent the proposed Class.

90. The questions and/or affecting individuals and a class action is a superior mechanism for adjudication of claims to avoid inconsistent or contradictory rulings and findings and to promote judicial economy, efficiency, fairness, and equity; a class action is superior to other methods for the fair and efficient adjudication of the claims and damages alleged hereinCorizon, through the common policies and practices stated herein, has acted on grounds generally applicable to the Missouri Class Action Members as a whole.

91. Common issues of fact and law predominate over any purely individualized issues and a class action is the superior vehicle over any other method for adjudicating these claims.

92. The predominant question is whether Corizon was unjustly enriched by failing to pay Plaintiffs and Missouri Class Action Members for pre and post shift activity.

93. Plaintiffs understand the nature of the claims herein, have no disqualifying conditions, and will vigorously represent the interests of the Class.

94. Accordingly, the Missouri Class should be certified as defined in Paragraph 72.

WHEREFORE, on Count II of this Complaint, Plaintiffs, on behalf of themselves and all other similarly situated, respectfully pray for judgment against Corizon as follows:

a. For an Order certifying the Missouri Class Action as defined in Paragraph 72;

b. For an Order designating Plaintiffs Jessica Williams, Sheryl Fritz and Jamie Terry as representatives for the Missouri Class Action claims and Plaintiffs' attorneys as Counsel for the Missouri Class Action claims;

c. Appropriate equitable relief to remedy Corizon's violations of the Missouri wage and hours laws, including, but not limited to an order enjoining Corizon from continuing its unlawful practices;

d. Compensatory damages for unpaid work time and wages;

e. Such other equitable relief as the Court may deem just and proper;

f. Attorneys' fees, costs and expenses as allowed;

g. Pre-judgment interest and post-judgment interest at the rates allowed by law; and

h. Any such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**BURGER LAW FIRM, LLC**

 /s/ Gary K. Burger
Gary K. Burger, Jr. #43478
gary@burgerlaw.com
500 North Broadway
Suite 1860
St. Louis, MO 63102
Phone: (314) 542-2222
Fax: (314) 542-2222