IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SHERYL FRITZ, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 19-CV-03365-SRB |
| ) | |
| CORIZON HEALTH, INC., and ) | |
| CORIZON, LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Plaintiffs' Motion for Conditional Certification of Class Claims Under § 216(b) of the Fair Labor Standards Act ("FLSA") (Doc. #58) and Plaintiffs' Motion to Amend Exhibits to Motion for Class Certification (Doc. #77). For the reasons stated below, the motions are each granted in part and denied in part.

I.  **BACKGROUND**

Plaintiffs Sheryl Fritz, Jamie Terry, and Jessica Williams ("Plaintiffs") assert this FLSA collection action under 29 U.S.C. § 216(b) on behalf of all current and former correctional nurses employed by Corizon Health, Inc. and its subsidiary Corizon, LLC (collectively, "Corizon"). Corizon provides medical care and pharmacy services to inmates in correctional facilities located across the United States. Plaintiffs allege that Corizon enforces a uniform, company-wide policy and practice of requiring correctional nurses to perform various uncompensated pre- and post-shift activities upon entering and leaving correctional facilities (including, inter alia, submitting to metal detector screenings, physical pat-downs, personal item searches, passing through air locks, fingerprint and/or optical scanning, accounting for and securing any syringes, needles, or

other medical tools and devices, etc.). Plaintiffs assert claims for (1) violation of the FLSA and (2) unjust enrichment under Missouri law.

Plaintiffs initially filed a motion for conditional certification on August 31, 2020, seeking conditional certification under § 216(b) for the following collective action:

> All current and former nurses employed by defendants who have worked forty (40) or more hours in a seven day period on an hourly, or FLSA exempt, basis between October 15, 2016 through the present, and who have performed pre- and post- shift activity for which they were not paid, regardless of level of licensure. Pre- and post-shift activity means any and all activities performed after entering a correctional institution before clocking in and any and all activities performed after clocking out before exiting the correctional institution.

(Doc. #59, pp. 4-5.)[1] In support of this motion, Plaintiffs attached as exhibits declarations from Corizon employees, including the declarations from the three named plaintiffs (Fritz, Terry, and Williams). Corizon subsequently requested an extension of time to file a response to the motion for conditional certification, stating Corizon had agreed to concede conditional certification but needed additional time to finalize a few remaining issues, namely the content of the notice form and its distribution. As the parties continued to negotiate conditional certification, depositions of the named plaintiffs began to take place. Through those depositions, Plaintiffs' counsel became aware of material inaccuracies in the original declarations that had been submitted in support of conditional certification.

Plaintiffs promptly filed a motion to amend the exhibits originally attached to the initial motion for conditional certification (Doc. #77), stating the prior-filed declarations (Docs. #59-1, #59-2, #59-3, #59-4, #59-5, #59-6, #59-7, #59-8, #59-9) contained some material inaccuracies brought to light through recent deposition testimony. Corizon filed a consolidated opposition to Plaintiffs' motion for conditional certification and motion to amend, stating that even though the

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

amended declarations "were not taken into consideration by Defendants when they originally agreed to concede conditional certification," subsequent agreements by the parties had rendered the motion to amend largely moot. (Doc. #85, p. 5.) Corizon also notes that while the issue of conditional certification has been largely resolved by the parties, several disputed points remain regarding the content and distribution of the notice for potential plaintiffs.

## II. LEGAL STANDARD

Section 207 of the FLSA requires employers to pay non-exempt employees a premium overtime wage for each hour worked in excess of forty hours during a given workweek. *See* 29 U.S.C. § 207. An employer that violates § 207 shall be liable to the employees affected for twice the amount of unpaid overtime compensation. *See* 29 U.S.C. § 216(b). Section 216(b) provides that a FLSA collective action may be brought by an employee on her own behalf and on behalf of "other employees similarly situated." "Plaintiffs may be similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) (citation and quotation marks omitted), *aff'd and remanded*, 136 S. Ct. 1036 (2016). "The plaintiff bears the burden of establishing he or she is similarly situated to other members of the proposed class." *Cope v. Let's Eat Out, Inc.*, No. 16-CV-03050, 2016 WL 10677886, at *1 (W.D. Mo. July 12, 2016) (citing *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007)).

FLSA classes are "opt-in," meaning that class members must affirmatively agree to join the collective action by filing individual written consent. *Id.* at *2 (citing 29 U.S.C. § 216(b)). Because of this opt-in mandate, certification of an FLSA class generally proceeds in two steps: (1) a notice stage where the "plaintiff moves for conditional certification . . . wherein a class is certified for notice purposes prior to the completion of discovery[,]" and (2) after the close of

discovery, the defendant may move to decertify the class and the court decides if the plaintiffs are, in fact, similarly situated. *Krott v. New Directions Behavioral Health, LLC*, No. 19-CV-00915, 2020 WL 5492992, at *2 (W.D. Mo. Sept. 10, 2020) (citations omitted); *see also Jackson v. Synergies3 Tec Servs., LLC*, No. 19-CV-00178, 2019 WL 5579514, at *2 (E.D. Mo. Oct. 29, 2019) (citations and internal quotation marks omitted) ("In the first step, the plaintiff moves for conditional certification for notice purposes at an early stage of the litigation. In the second step, the court determines, after the close of discovery, whether the plaintiffs are actually similarly situated."). At the notice stage, "the plaintiffs' burden . . . is not onerous" and they "need only provide substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Jackson*, 2019 WL 5579514, at *2 (citations and quotation marks omitted); *Krott*, 2020 WL 5492992, at *2 (citations omitted) (noting courts have described the initial burden at this stage as "fairly lenient," "modest," "not . . . high," and "not rigorous").

## III. DISCUSSION

As a preliminary matter, the Court commends counsel on the professionalism exhibited thus far over the course of this litigation. Since Plaintiffs filed the instant motion for conditional certification, counsel have engaged in frequent and extensive negotiations to resolve the issues raised by this case and frequently apprised the Court of their progress. Due to those productive negotiations, few disputes remain on the motions pending before the Court. The few issues still requiring resolution by the Court are addressed in turn below.

### A. Motion to Amend Exhibits

Regarding the parties' dispute over Plaintiffs' motion to amend, the Court acknowledges the concerns voiced by Corizon in their response, namely that Corizon relied upon the original declarations when negotiating conditional certification and had a limited opportunity to review

the corrected declarations before Plaintiffs sought leave to amend. However, permitting Plaintiffs to replace the prior-filed declarations with amended versions corrects the record and ensures that litigation in this case can move forward smoothly with minimal delay. In turn, the Court grants Plaintiffs' Motion to Amend Exhibits to Motion for Class Certification (Doc. #77) to the extent that Plaintiffs request the previously-filed declaration exhibits (Docs. #59-1, #59-2, #59-3, #59-4, #59-5, #59-6, #59-7, #59-8, #59-9) be replaced with corrected declarations (Docs. #77-1, #77-2, #77-3, #77-4, #77-5, #77-6, #77-8, #77-9). As for Plaintiffs' remaining proposed amendments to their original motion for conditional certification, given the parties' subsequent filing of a joint stipulation to the Court (Doc. #88), the motion is denied as moot as the remaining issues are each addressed and resolved by the Court's conditional certification analysis below.

### B. Conditional Certification

The parties jointly stipulate to the Court that they have reached an agreement on most of the terms related to conditionally certifying the proposed collective action and sending notice to the putative plaintiffs. Upon considering the parties' joint stipulations and the factual record, the Court finds Plaintiffs satisfy their evidentiary burden at this early stage and adequately show that a group of similarly-situated plaintiffs are the alleged victims of a common "decision, policy, or plan." *See Bouaphakeo*, 765 F.3d at 796. In turn, the Court conditionally certifies the following class definition:

> Any individual who: (a) is, or was, employed by Corizon as an hourly, non-exempt nurse and worked more than forty (40) hours in a workweek (i.e., from Sunday at midnight through Saturday at 11:59pm) on an hourly, or non-exempt basis between October 15, 2016 through the present, and (b) performed pre- and post- shift activity for which they were not paid because their time clock was not near (i.e., within 25 feet) of the facility's entrance/exit. Pre- and post- shift activity means any, and all, activities performed after entering a correctional institution before clocking in (other than walking in), and any, and all, activities performed after clocking out before exiting the correctional institution (other than walking out).

Corizon will identify any facilities or locations where there will be putative plaintiffs and answer pending discovery to verify the same.

### 1. Notice to Prospective Plaintiffs

If a court determines conditional certification under § 216(b) is proper, the plaintiff may proceed to notify potential plaintiffs and provide those individuals the opportunity to "opt-in" to the pending litigation. *Rhodes v. Truman Med. Ctr., Inc*., No. 13-CV-00990, 2014 WL 4722285, at *4 (W.D. Mo. Sept. 23, 2014). Notice should provide a fair, timely, accurate, and informative description of the pending collective action. *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989). "In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality" and should "take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id.* at 174.

Plaintiffs submitted a proposed notice form with their original motion for conditional certification. (Doc. #59-19.) Corizon submitted a different proposed notice form (Doc. #85-1) as part of its opposition, urging the Court to "adopt [Corizon's] proposed notice [Doc. #85-1] as the notice to be sent to putative plaintiffs." (Doc. #85, p. 15.) Plaintiffs attached to their reply brief (Doc. #87-1) a modified version of their original proposed notice, which they argue should be adopted over Corizon's. Despite the multiple proposed notice forms, the parties agree there are two remaining issues for the Court to resolve: (1) the method and the means of delivering notice of the conditionally certified action to putative plaintiffs, and (2) the specific language to be used in certain parts of that notice.

#### a. Dissemination of Notice to Putative Plaintiffs

Regarding the dissemination of the notice to putative plaintiffs, the parties agree that the notice can be posted in Corizon's workspaces, specifically in breakrooms. Plaintiffs additionally

propose that notice be sent to potential plaintiffs electronically and by traditional mail delivery. Corizon agrees to utilizing electronic and mailed notice, but objects to the volume and frequency of communications proposed by Plaintiffs. Each objection is examined in turn below.

### i. Electronic Communication

Regarding email communication, Plaintiffs request authorization to send an initial email notice to potential plaintiffs, followed by reminders sent thirty, sixty, and seventy-five days after the initial notice is sent. With each email notice communication, Plaintiffs want to utilize three email addresses: (1) the personal email address provided to Corizon by the putative plaintiffs; (2) the putative plaintiffs' work-issued email addresses; and (3) any work email addresses issued by the state correctional institution where the putative plaintiff works.

As to the number of email notifications, Corizon argues the repeated follow-up notices suggested by Plaintiffs is not necessary or reasonable, and states that four email notices borders on harassment and solicitation of the putative plaintiffs. Instead, Corizon asks that Plaintiffs be "limited to a single follow-up or reminder notice" during the agreed-upon notice period, sent via the original method of dissemination. (Doc. #85, p. 13.) Plaintiffs insist the proposed notice and follow-up schedule is needed to provide adequate notice. The Court finds that two notices—the initial email notice and a single, follow-up email notice—will provide adequate notice and sufficiently inform potential plaintiffs of their ability to opt-in to this pending litigation.

As for which email addresses that electronic notice should be sent to, Plaintiffs contend that utilizing three different email addresses increases the likelihood that putative plaintiffs will receive notice. Corizon disagrees, arguing only personal email addresses should be used. In support of its argument, Corizon states that many potential plaintiffs are not current employees and Corizon also lacks access to, and control over, any work-related emails issued by a state

7

correctional institution or agency. Corizon additionally argues receiving notice at work-issued email addresses "will result in confusion about what the notice is, whether it is work related, and why the employee is receiving it at work," in turn generating questions that will inordinately burden supervisors at facilities across the country. (Doc. #85, p. 11.) The Court will limit email communications to the personal email addresses of the putative plaintiffs. Utilizing the personal email addresses, in combination with mailed notice as set forth below, will ensure potential plaintiffs receive fair and timely notice of their rights and minimizing concerns of duplicitous or burdensome electronic communications.

### ii. Mail Communication

In addition to electronic communication, Plaintiffs request authorization to mail notice to putative plaintiffs at their last known physical addresses. Corizon objects to mail notice, arguing mail notice is unreliable in the modern era compared to email and should only be utilized when a potential plaintiff has no available email address. The Court finds a combination of both mailed and electronic notice will increase the likelihood of reaching all potential plaintiffs, which at this stage best serves the interests of justice. *See, e.g.*, *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 690 (W.D. Mo. 2007) ("At this stage of litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs."). Plaintiffs may send all putative plaintiffs a single mailed notice via first-class mail at their last known physical address. For any putative plaintiffs that do not have a personal email address, Plaintiffs may send those individuals a single follow-up or reminder via mail.

### b. Content of Notice

Regarding the content of the notice, Corizon urges the Court to adopt Corizon's proposed notice (Doc. #85-1). Plaintiffs argue their updated version (Doc. #87-1) should be used, which

8
Case 6:19-cv-03365-SRB   Document 89   Filed 11/23/20   Page 8 of 10

modifies Corizon's proposed notice in the following ways: (1) inserts enlarged text stating, "If you work as a Nurse for Corizon, a collective action lawsuit may affect your rights"; (2) clarifies that opt-in/consent forms may be signed using Docusign or other electronic signature methods; (3) modifies language notifying plaintiffs they may have to be deposed in the Western District of Missouri; (4) removes language requiring a potential plaintiff to complete a questionnaire; (5) revises language regarding the calculation of attorney fees; and (6) corrects the email contact information for Plaintiffs' counsel.  Upon review of the parties' arguments, the Court approves the use of Corizon's proposed notice form (Doc. #85-1), subject to the following changes in the below-specified sections:

> (1) **Ask to Be Included:** language directing the potential plaintiff on how to join the pending litigation should be modified to state, "you can sign and return by Docusign or other electronic signature method."  (Doc. #85-1, p. 2.)
>
> (2) **Section 7–What Happens if I Join This Suit?:** remove any language directing a potential plaintiff to complete a questionnaire.[2]  Additionally, the language advising potential plaintiffs about appearing for a deposition should be modified to state, "If you join the lawsuit, you may have to answer written questions or testify under oath."  (Doc. #85-1, p. 4.)
>
> (3) **Section 12–Are More Details Available?:** change the listed email address to gary@burgerlaw.com.

Subject to the changes stated above, the Notice of Claims and Opt-In Consent Form shall be disseminated to putative plaintiffs by Plaintiffs' counsel.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion for Conditional Certification of Class Claims Under § 216(b) of the Fair Labor Standards Act (Doc. #58) is GRANTED IN PART and DENIED IN PART as set forth above, and Plaintiffs' Motion to Amend Exhibits to

---

[2] By removing language requiring a putative plaintiff to complete a questionnaire, the Court does not foreclose the possibility that such a questionnaire may be warranted at a later stage of this proceeding.

Motion for Class Certification (Doc. #77) is GRANTED IN PART and DENIED IN PART as set forth above. Additionally, it is **FURTHER ORDERED** that:

- The Court hereby approves the Notice of Claims and Opt-In Consent Form (Doc. #85-1), subject to the changes specified herein, to be sent by Plaintiffs' counsel to potential plaintiffs via email and first-class mail in a manner consistent with the terms of this Order.

- Within sixty (60) days of this Order, Corizon shall: (1) identify to Plaintiffs any facilities or locations where there are potential plaintiffs and provide discovery to verify the same; and (2) produce a list of potential plaintiffs in a usable electronic format, including the full name, work location, dates of employment, employee identification number, physical home address, and personal email address.

- Within thirty (30) days of this Order, Corizon shall post the Notice of Claims and Opt-In Form in the break room of Corizon staffed locations. Notice shall remain posted for the duration of the opt-in period.

- Plaintiffs' counsel shall send notice within fourteen (14) days of receiving the list of potential plaintiffs, in a manner consistent with the terms of this Order.

- The opt-in period for potential plaintiffs to complete, sign, and return the Consent to Join form to Plaintiffs' counsel is ninety (90) days from the date notice is initially sent. Plaintiffs shall file a notice with the Court advising of the date when notice was initially sent.

- The Opt-In consent form may be filled, signed, and returned via Docusign, a signed PDF document that is emailed, a faxed signature, or a jotform.com document. Plaintiffs will file the completed Opt-In forms with the Court.

- As Ordered herein, Plaintiffs are permitted a single follow up email after the initial notice is sent.

- Plaintiffs may establish and maintain an informational page about this collective action for potential plaintiffs on the www.burgerlaw.com website, specifically at http://burgerlaw.com/corizon-class-action/. Any disputes regarding the content of this website will be treated as disputes arising under Local Rule 37.1.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: <u>November 23, 2020</u>

10
Case 6:19-cv-03365-SRB   Document 89   Filed 11/23/20   Page 10 of 10